**Jian Hua JIANG, Petitioner,**

v.

**Edward J. McELROY, District Director of the United States Immigration and Naturalization Service, Kevin D. Rooney, Director of the Executive Office for Immigration Review, Paul W. Schmidt, Chairman of the Board of Immigration Appeals, Respondents.**

**No. 01–4060.**

United States Court of Appeals, Second Circuit.

March 12, 2004.

Vlad Kuzmin, Wilson, Joshi & Kuzmin, LLP, New York, NY, for Petitioner.

David J. Kennedy, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Meredith E. Kotler, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

PRESENT: WALKER, Chief Judge, CARDAMONE, and STRAUB, Circuit Judges.

## SUMMARY ORDER

Petitioner Jian Hua Jiang appeals from the order of the Board of Immigration Appeals ("BIA") denying his applications for asylum and withholding of deportation under the Immigration and Nationality Act, 8 U.S.C. §§ 1158 and 1231, respectively. The BIA agreed with the Immigration Judge's ("IJ") determination that Jiang did not offer credible testimonial or persuasive documentary evidence in support of his claim. The petitioner, a native of the People's Republic of China, claims that he suffered past persecution and has a well-founded fear of future persecution because the Chinese Government destroyed his home after his wife failed to abort his child. Jiang alleges that the Chinese Government took this action to further its population control policies. Jiang's wife and child remain in China.

We note that Jiang's counsel failed to appear for oral argument on March 9, 2004.

The scope of our inquiry is "exceedingly narrow." *Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (internal quotation marks omitted). We accept the IJ's factual determinations as long as they are supported by substantial evidence in the record. *See Montero v. INS,* 124 F.3d 381, 386 (2d Cir.1997). Accordingly, we "reverse only if *no* reasonable fact-finder could have failed to find ... past persecution or fear of future persecution necessary to sustain the petitioner's burden," *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir. 2000). The court "must find that the evidence not only *supports* th[e] conclusion [that the applicant is eligible for asylum], but *compels* it." *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original); *see also Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). As the record contains substantial evidence to support the BIA's ruling, we affirm and dismiss the petition for review.

The IJ provided strong reasons for rejecting Jiang's asylum application. He found, *inter alia,* that Jiang was unsure of the sex of his child; that Jiang testified in a contradictory fashion about whether he was present when authorities were alleged to have destroyed his home; and that Jiang's letter of dismissal from his employer four months after he escaped China, purporting to fire him for failing to get an

abortion himself (four months after he stopped reporting for work), was not persuasive. We agree that there is substantial evidence in the record for the adverse credibility determination against Jiang on these bases.

We have carefully considered all of Jiang's arguments and find them to be without merit. We also reject summarily petitioner's appeal of the BIA's refusal to withhold deportation because such claims are subject to an even higher burden of proof than asylum claims. *See Zhang v. Slattery,* 55 F.3d 732, 738 (2d Cir.1995).

For the reasons set forth above, the decision of the Board of Immigration Appeals is hereby AFFIRMED and the petition for review is DISMISSED.